COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


CHARLES A. FINCHUM

v.       Record No. 2985-95-2        MEMORANDUM OPINION[*] BY
                                     JUDGE JOHANNA L. FITZPATRICK
SEARS ROEBUCK & COMPANY AND               MAY 28, 1996
 LUMBERMENS MUTUAL CASUALTY COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Charles A. Finchum, pro se.

          Glenn S. Phelps (R. Ferrell Newman; Thompson,
          Smithers, Newman & Wade, on brief), for
          appellees.


     In this workers' compensation appeal, Charles A. Finchum
(claimant) argues that the commission erred in finding that he
was not entitled to temporary total disability benefits for the
period claimed.  For the reasons that follow, we affirm the
commission.

     On May 21, 1994, claimant, a loss prevention manager,
sustained a compensable injury to his left shoulder while working
for Sears Roebuck & Company (employer).  In a July 4, 1994
report, claimant's treating physician, Dr. Steven H. Jones,
indicated that claimant suffered no disability as a result of his
industrial accident.  Claimant continued to work in his pre-
injury employment until September 3, 1994.  On that date, he
resigned as part of a settlement of an unrelated civil suit

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

between himself and employer.  On January 27, 1995, Dr. Jones recommended an arthroscopic decompression of claimant's left shoulder.  At that time, employer voluntarily began paying claimant temporary total disability benefits.

Claimant sought temporary total disability benefits beginning September 3, 1994, and continuing.  In a November 15, 1995 opinion, the commission determined that claimant was not entitled to benefits from September 3, 1994 to January 26, 1995 because "claimant presented no testimony that he could not medically perform his regular job as a loss prevention supervisor during the period claimed."

On appeal, claimant argues that the commission erred in denying him benefits from September 3, 1994 to January 26, 1995.  He asserts that, when he returned to his pre-injury employment, he worked in a light-duty capacity.

"[W]e review the evidence in the light most favorable to the prevailing party."  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "Factual findings of the . . . [c]ommission will be upheld on appeal if supported by credible evidence."  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In the instant case, credible evidence supports the commission's finding that claimant failed to establish that his medical condition caused his unemployment.  The record indicates that claimant returned to his pre-injury employment after his

2

industrial accident. No evidence shows that claimant was unable to perform all of the duties required of a loss prevention manager, or that his duties were altered or restricted to accommodate any disability. Additionally, claimant admitted that he left his employment on September 3, 1994, as part of the settlement of the unrelated lawsuit, not because of his work-related injury.

Claimant also requests that we remand his claim to the commission for the taking of additional evidence. Rule 3.3 of the Rules of the Virginia Workers' Compensation Commission provides that "[a] petition to reopen or receive after-discovered evidence may be considered only upon request for review" before the commission. Thus, remand is an inappropriate remedy in this case.

Accordingly, the decision of the commission is affirmed.

Affirmed.
